IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 3:19-CR-00629-K(1) |
| § | |
| VICENTE IBARRA-HERNANDEZ, § | |
| #59606-177, § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Vicente Ibarra-Hernandez's ("Defendant") pro se Motion for Nunc Pro Tunc Order or, in the Alternative, Modification of Sentence to Include a Term of Supervised Release ("Motion"), received on July 29, 2025. Crim. Doc. 121. For the reasons that follow, the Motion is **DENIED**.

### I.  BACKGROUND

After being charged with others in a complaint and a two-count indictment, Defendant pled guilty under a plea agreement to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); in exchange for his guilty plea, the Government dismissed the related conspiracy charge. *See* Crim. Docs. 1, 21, 35, 38. By judgment entered May 12, 2021, the Court sentenced Defendant to 90 months of imprisonment and specifically stated, "No term of Supervised Release imposed." Crim. Doc. 97. Defendant did not appeal his sentence or conviction. On February 8, 2024, the Court denied Defendant's motion for a sentence modification or reduction under 18 U.S.C. § 3582(c)(1)(A). *See* Crim.

Docs. 110, 115.

Defendant now requests that the Court correct or modify the judgment "to include a term of supervised release consistent with the plea agreement" or alternatively, "pursuant to 18 U.S.C[.] § 3582([c])(1)(B) or its inherent authority to clarify or correct a judgment to reflect the sentence as intended."  Crim. Doc. 121 at 1.  He argues that the judgment is "legally deficient and must be corrected" because the statute under which he was convicted mandates a term of supervised, he is being denied access to BOP programming by virtue of having no term of supervised release, and the "plea agreement and sentencing record indicate that both parties contemplated a term of supervised release." *Id.* at 2.  He alleges that the absence a term of supervised release in the judgment was a clerical error or omission by the Court.  *See id.* at 2-3.

## II.  ANALYSIS

Aside from a few limited exceptions, "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed[.]'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)).  Such limited exceptions include the provisions of Section 3582(c), Federal Rules of Criminal Procedure 35 and 36, and habeas corpus relief.  *See United States v. Mendoza*, No. 3:16-CR-351-B(01), 2024 WL 4031827, at *1 (N.D. Tex. Sept. 3, 2024).  The Motion specifically seeks a correction or modification of the judgment in this case under Rule 36 and Section 3582(c)(1)(B).  *See* Crim. Doc. 121 at 1-2.  His arguments are premised on his theory that his statute of conviction and the record in this case mandated the

2

imposition of a term of supervised release in this case. *See id.*

Under Rule 36, the Court "may at any time correct a clerical error in a judgment . . . arising from oversight or omission," after first giving appropriate notice. Fed. R. Crim. P. 36. Here, the presentence investigation report ("PSR") submitted by the United States Probation Office shows that the statute under which Defendant was convicted required the imposition of a term of at least three years of supervised release. *See* Crim. Doc. 59-1 at ¶ 61. The PSR continues, however, stating that because Defendant satisfied the "safety valve" criteria of 18 U.S.C. § 3553(f)(1)-(5), he was not subject to the statutory mandatory minimum term of supervised release; rather, the Court was to impose his sentence pursuant to the sentencing guidelines. *See id.*; 18 U.S.C. § 3553(f) (applying to offenses under Section 841). In turn, although the sentencing guidelines provided that the guideline term of supervised release for Defendant's offense was 1 to 3 years, they further provided that the Court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Crim. Doc. 59-1 at ¶¶ 62-63; *see also* Crim. Doc. 84-1 at ¶ 78; U.S.S.G. § 5D1.1(c).

Defendant is a deportable alien on whom the United States Immigration and Customs Enforcement has placed an immigration detainer, and as the Court has explained, he was not subject to a statutory mandatory minimum term of supervised release. *See* Crim. Doc. 59-1 at p.1 and ¶¶ 61-64. As such, the Court was not required

3

by statute or the sentencing guidelines to impose a term of supervised release in Defendant's case, and it decided not to impose any term of supervised release, as clearly stated in its judgment. *See* Crim. Doc. 97 at 2. Accordingly, the judgment contains no clerical error arising from oversight or omission that is subject to correction under Rule 36, and he is not entitled to relief on this basis.

Regarding Section 3582(c)(1)(B), that provision states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" 18 U.S.C. § 3582(c)(1)(B). Under Rule 35, the Court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing, and may reduce a sentence for substantial assistance on a motion filed by the Government within one year of sentencing. *See* Fed. R. Crim. P. 35. Because the Motion fails to identify any other statute expressly permitting the modification of his sentence and because the provisions of Rule 35 are inapplicable to Defendant's case, Defendant is not entitled to relief under Section 3582(c)(1)(B).

Further, to the extent Defendant relies on the plea agreement to support his requested relief, his reliance is unavailing. In the plea agreement, Defendant stated he understood that the Court had the sole discretion to determine his actual sentence and that it would impose his sentence after consideration of the sentencing guidelines, the outcome of which no one could predict with certainty. *See* Crim. Doc. 35 at 3. As discussed, the Court considered and applied the sentencing guidelines in determining

Defendant's sentence, including the decision not to impose a term of supervised release. Defendant is not entitled to relief on this additional basis.

### III.  CONCLUSION

The Court **DENIES** Defendant's pro se Motion for Nunc Pro Tunc Order or, in the Alternative, Modification of Sentence to Include a Term of Supervised Release, received on July 29, 2025.

**SO ORDERED.**

**Signed August 5th, 2025.**

_Ed Kinkeade_
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**

5